UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHELLY L. HAYNES,

      Plaintiff,

v.

                              CASE No. 8:07-CV-226-T-26TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

      Defendant.

---

## REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.[2] Because the decision of the Commissioner of Social Security is supported by substantial evidence, I recommend that it be affirmed.

I.

The plaintiff, who was forty-four years old at the time of the administrative hearing and who has a high school education, has worked as a

---

[1] Michael J. Astrue has become the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted as the defendant in this suit.

[2] This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

video transcriptionist, secretary, and data entry clerk (Tr. 57, 62, 72, 90).[3] She filed a claim for Social Security disability benefits, alleging that she became disabled due to cervical spondylosis and degenerative disc disease (Tr. 56).[4] The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge stated that the plaintiff has severe impairments of advanced degenerative disc disease of the cervical spine and left knee problems (Tr. 17). He concluded that these impairments limited the plaintiff to light work with only occasional stooping and crawling and no frequent pushing/pulling or overhead reaching (id.). Based on the testimony of a vocational expert, the law judge determined that these limitations did not prevent the plaintiff from performing past relevant work as a video transcriptionist, secretary, or data entry clerk (Tr. 18). The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

_____

[3]The plaintiff continues to work part-time as a video transcriptionist, but her earnings do not rise to the level of substantial gainful activity (Tr. 13).

[4]This plaintiff in her memorandum refers to a denial of a claim for supplemental security income (Doc. 11, p. 1). However, there does not appear to be any such application in the record, and the law judge referred only to a claim for disability benefits (Tr. 12).

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff contends that she suffers from disabling neck and back pain. The law judge found that the plaintiff has advanced degenerative disc disease of the cervical spine and left knee problems, but that they are not

-4-

disabling impairments (Tr. 17-18). The plaintiff contends that the law judge's determination was erroneous in several respects. However, none of the contentions has merit.

A. The plaintiff argues first that the law judge erred in failing to find that she met, or equaled, the requirements of Listing 1.04 in Appendix 1 of the Social Security Regulations (Doc. 11, pp. 6-7), which pertains to disorders of the spine. The law judge stated in his decision that he considered whether the plaintiff met the criteria of a listing in Appendix 1 (Tr. 15). The law judge concluded that the plaintiff did not satisfy the criteria because her impairments were not "severe enough to meet or medically equal" a listing, and that "[n]o treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment" (id.). The plaintiff has failed to show that the law judge's conclusion in that respect was not supported by substantial evidence.

The conditions set forth in Appendix 1 constitute very severe impairments so that, if the plaintiff does meet, or equal, a listing in Appendix 1, she would be deemed disabled without consideration of any vocational factors. See 20 C.F.R. 404.1520(d). The plaintiff bears the burden of showing

that she meets, or equals, a listing. See McSwain v. Bowen, 814 F.2d 617,

619 (11th Cir. 1987). Moreover, "when a claimant contends that [s]he has an

impairment meeting the listed impairments entitling h[er] to an adjudication

of disability under regulation 404.1520(d), [s]he must present specific medical

findings that meet the various tests listed under the description of the

applicable impairment or, if in the alternative [s]he contends that [s]he has an

impairment which is equal to one of the listed impairments, the claimant must

present medical evidence which describes how the impairment has such an

equivalency." Bell v. Bowen, 796 F.2d 1350, 1353 (11th Cir. 1986); see also

Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002).

As pertinent here, Listing 1.04 provides (20 C.F.R. Part 404,

Subpart P, App. 1):

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root ... or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or

> muscle weakness) accompanied by sensory or reflex
> loss....

The plaintiff has failed to identify in her memorandum the medical evidence

that satisfies the requirement of a particularized showing.   As the law judge

indicated in his decision, no physician has opined that the plaintiff meets, or

equals, a listing.

The plaintiff cites to a medical record from Dr. Vincenzo

Giulano, who opined in 1998 that an MRI of the plaintiff's cervical spine

showed that she has extensive cervical spondylosis and minor-to-severe

stenosis (Doc. 11, p. 7; Tr. 215).[5]   However, that diagnosis meets only one of

the criteria; the plaintiff has not identified the requisite medical evidence of

(or an impairment equivalent to) a compromise of a nerve root or the spinal

cord, with nerve root compression.   See 20 C.F.R. Part 404, Subpart P, App.

1, Listing 1.04. The plaintiff's statement, without any citation to the record,

that she has a "limited range of motion in her neck and loss of senses and

reflexes in her shoulders and hands" (Doc. 11, p. 7) does not satisfy this

---

[5]The plaintiff incorrectly states that Dr. Larry Fishman, a neurosurgeon, made these statements (Doc. 11, p. 7).  Dr. Fishman reviewed that MRI scan and stated that "I am not convinced the MRI scan looks as bad as advertised" (Tr. 166-67).  To the contrary, Dr. Fishman subsequently opined that the plaintiff only suffers from "some minor abnormalities in the cervical spine" (Tr. 155).

requirement.  See Bell v. Bowen, supra; Wilson v. Barnhart, supra.  Further,

objective testing of her cervical spine, which reflects insubstantial

degenerative changes (see Tr. 131, 144, 155, 253), and her continued work as

a transcriptionist, even on a part-time basis, are inconsistent with the

debilitating impairments associated with the conditions listed in Appendix 1.[6]

Since the plaintiff has failed to meet her burden of presenting

evidence which shows that she meets, or equals, a listing, there is no basis for

concluding that the law judge erred with respect to his evaluation of Listing

1.04.

B.    The plaintiff also argues that the law judge "erred in

determining the claimant's residual functional capacity" (Doc. 11, pp. 7-8).

The law judge found that the plaintiff was capable of performing a limited

range of light work.  There is substantial evidence supporting the law judge's

determination.

Treating neurosurgeon Dr. Larry Fishman opined that the

objective evidence revealed only insubstantial spinal abnormalities (see Tr.

---

[6]Also, Dr. Fishman noted during an office visit in 2002 that the plaintiff's neck had
a full range of motion, and that her motor, reflex and sensory examinations were within
normal limits (Tr. 156).

155).   Thus, Dr. Fishman stated that the plaintiff has "some minor abnormalities in the cervical spine" and that, although the plaintiff has multi-level spondylitic disease, the condition is clinically insignificant (see id.). Further, two agency reviewing physicians found that the plaintiff retained the functional capacity to perform light work (Tr. 132-37, 220-225).  The law judge also considered medical records which indicated that conservative treatments had been effective (see Tr. 16).  The plaintiff has not specifically refuted any of this evidence.

The only evidence cited by the plaintiff that is contrary to the law judge's determination of her residual functional capacity is a form titled "Medical Opinion Re: Ability To Do Work-Related Activities (Physical)" that was completed by Santo Coretta, a nurse practitioner (Doc. 11, p. 8; Tr. 228-29).[7]  Coretta opined in March 2003, that the plaintiff could lift less than ten pounds; that she could stand, sit and walk for less than four hours per day; and that she needed to lie down daily (Tr. 228-29). This opinion was repeated in April 2004, with the additional notation that the plaintiff would be absent from work more than four days per month due to her ailments (Tr. 359-60).

---

The plaintiff erroneously refers to Coretta initially as a physician (Doc. 11, p. 5).

If these opinions were accepted by the law judge, the plaintiff's functional capacity would clearly be extremely limited.  However, the law judge is not obligated to accept these opinions, Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004), and the law judge expressly rejected them (Tr. 16). The plaintiff does not even acknowledge in this argument the law judge's rejection of those opinions (see Doc. 11, p. 8).

Further, as discussed in section D of this Report and Recommendation, the law judge's decision to reject the opinions is explained adequately and supported by substantial evidence.[8]  Therefore, the existence of this contrary medical opinion does not compel a finding of disability. Under the substantial evidence standard, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544

---

[8]The Commissioner additionally argues that Coretta's opinions should be rejected because, as a nurse practitioner, he is not a specified acceptable source of evidence of an impairment. 20 C.F.R.404.1513(a).  While the regulations provide that a nurse practitioner can be a source of evidence, 20 C.F.R. 404.1513(2)(d)(2), the opinions of such a source may be given less weight.  See Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1160 (11th Cir. 2004); Falge v. Apfel, 150 F.3d 1320, 1324 (11th Cir. 1998), cert. denied, 525 U.S. 1124 (1999).

U.S. 1035 (2005).  Accordingly, the plaintiff has not shown that the law judge's determination of her residual functional capacity should be reversed.[9]

C.   The plaintiff next argues that the law judge "erred in mischaracterizing the [vocational expert's] testimony" (Doc. 11, pp. 8-9). This argument is baseless.

The law judge posed to the vocational expert two hypotheticals: the first was based on a residual functional capacity of a wide range of light work, and the second uses the extreme restrictions opined by Coretta (Doc. 11, p. 9; Tr. 393-94).  The vocational expert testified that, under the first hypothetical, the plaintiff could return to her prior work, but that the restrictions in the second hypothetical would preclude employment (Tr. 393, 394). The law judge ultimately determined that a residual functional capacity of a wide range of light work was appropriate. Accordingly, the law judge

---

[9]The plaintiff also argues that a non-examining reviewing physician's comment that her "[a]llegations of chronic pain are credible" shows that her functioning is more limited than the judge found (Tr. 137). However, that physician went on to say that "[d]espite her limitations, she retains [the] capability to perform WRLW" [a wide range of light work] (id.)  Therefore, this evidence clearly supports the law judge's determination that the plaintiff can perform light work.  The same is true of comments made by a second non-examining reviewing physician (see Tr. 225).

relied in his decision upon the vocational expert's testimony that a person with such restrictions could perform her prior work (Tr. 17; see Tr. 393).

The plaintiff makes the disingenuous argument that "this was not the VE's testimony and the judge's findings should reflect the true opinion of the VE" (Doc. 11, p. 10). The plaintiff does not (and cannot plausibly) mean that the law judge misstated the expert's testimony.

Rather, the crux of the plaintiff's argument is that the second hypothetical, in which the law judge detailed greatly restricted physical functioning, was the law judge's "corrected" hypothetical and ostensibly was the basis for the only valid testimony. There is no basis for this contention. Thus, as is typically done, the law judge asked the vocational expert during the hearing his opinion regarding work opportunities for an individual based on two different functional capacities. The law judge did not purport to make a determination at the hearing as to which of the hypotheticals he believed reflected the plaintiff's actual functional capacity. When the law judge subsequently determined that the plaintiff was capable of a range of light work, he then appropriately selected the opinion of the vocational expert that was based upon such a residual functional capacity.

-12-

D.  The plaintiff also argues that the law judge failed to give controlling weight to opinions stated in two Work-Related Activities forms (Doc. 11, pp. 10-11; see Tr. 228-29, 359-60).[10]

As indicated above, Coretta (and maybe Dr. Sidhom) opined that the plaintiff could lift less than ten pounds; that she could stand, sit and walk for less than four hours per day; that she needed to lie down daily; and that she would be absent from work several days each month (Tr. 228-29, 359-60).  If these opinions were accepted, the plaintiff would have been unemployable (see Tr. 394).

Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not giving them such weight.  Phillips v. Barnhart, supra.  Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the

---

[10]The plaintiff states that these forms also reflect the opinions of Dr. George S. Sidhom, a medical doctor at the Brandon Pain Clinic that employs Coretta.  However, Coretta appears to have completed these forms and Dr. Sidhom's participation in the formation of these opinions is unclear.  Notably, the plaintiff had asked Dr. Fishman if he would sign a disability form that the plaintiff had filled out (a request he refused) (Tr. 153). Regardless, even if the forms reflected Dr. Sidhom's opinions, they were properly rejected for the reasons stated by the law judge.

physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440

(11th Cir. 1997).

The conclusory nature of the opinions would justify the law judge

discounting them. Moreover, the law judge expressly considered the forms and

found that the opinions were not supported by the evidence. In this

connection, the law judge explained (Tr. 16):

> [T]he undersigned ... could not give them great
> weight inasmuch as the medical evidence does not
> support them to the extent indicated and other
> substantial evidence contradicts them. These
> assessments of the claimant's functional capacity
> appear to be disproportionate when compared to the
> objective medical findings, which show only mild
> lumbar bulging and advanced degenerative disc
> disease in the cervical spine, the latter being the only
> severe impairment involving the back. The
> significant limitations imposed by this physician and
> nurse practitioner appear to be based upon the
> claimant's subjective and self-reported symptoms
> rather than on accurate objective findings.

The law judge's conclusion is clearly reasonable and supported by substantial

evidence. Thus, objective evidence comprised of MRIs, CT scans, and a

myelogram reveal only some degenerative changes of the cervical spine

unaccompanied by cord impingement or compression, and no significant canal

stenosis, disc herniation or foraminal compromise (Tr. 131, 144-46, 253).

Further, objective testing of the lumbar spine revealed only "mild annular bulging at L2-3 with some minimal canal narrowing" with "[n]o significant lumbar spine bone or joint abnormalities" (Tr. 141, 254). Additionally, the thoracic spine showed no abnormalities (Tr. 142). Moreover, Dr. Fishman, the plaintiff's treating neurosurgeon, characterized the plaintiff's condition merely as "some minor abnormalities in the cervical spine" (Tr. 155).

The plaintiff argues that Coretta's opinions are buttressed by Dr. Thomas A. DiGeronimo's report describing cervical radiculopathy and an abnormal nerve conduction study, which she claims were ignored by the law judge (Doc. 11, p. 11). The law judge did not ignore Dr. DiGeronimo's findings; to the contrary, he summarized Dr. DiGeronimo's findings and treatment in his decision (Tr. 14). Those records do not evidence limitations greater than those found by the law judge. In fact, the records do not purport to state any functional limitations. See Davis v. Barnhart, 2005 WL 2510227 at *3 (11th Cir. 2005)(unpub. dec.)("Disability is determined by the effect an impairment has on the claimant's ability to work, rather than the diagnosis of an impairment itself.").

The plaintiff argues further that the law judge ignored diagnoses of "multilevel cervical spondylosis ... bilateral cervical radiculopathy ... and annular bulging at L2-3 with canal narrowing" (Doc. 11, p. 11). Clearly, the law judge did not ignore the plaintiff's abnormalities of the cervical spine, as the law judge found that the plaintiff suffers from the severe impairment of advanced degenerative disc disease of the cervical spine which, in addition to her left knee problems, limits her to a range of light work (Tr. 14-15, 17-18). Furthermore, the law judge acknowledged the bulging in the plaintiff's lumbar spine, but determined that it was not severe because the objective testing showed it was "mild" without significant canal stenosis or neural foraminal compromise (Tr. 14, 16; see Tr. 197).

In sum, the law judge gave a well-reasoned explanation for rejecting Coretta's opinions (which may also reflect Dr. Sidhom's opinions), and that explanation is supported by substantial evidence. Accordingly, the plaintiff's contention that the law judge failed properly to give controlling weight to those opinions is unpersuasive.

E. The plaintiff's final contention is that the law judge failed to apply the Eleventh Circuit pain standard in evaluating the plaintiff's

-16-

complaints of pain caused by her spinal impairments (Doc. 11, p. 12). This contention also lacks merit.

The plaintiff testified at the hearing that she can only stand for fifteen minutes at a time before her back starts burning (Tr. 386). The plaintiff stated further that, after sitting and working for twenty to thirty minutes, her back is burning and she takes a break for thirty minutes to an hour (Tr. 382-87). She testified that she naps daily (Tr. 387). Additionally, the plaintiff testified that she experiences bad days at least five days monthly during which her entire body hurts and, therefore, she lies down all day (Tr. 389-90). She testified that medication may lessen the pain, but it never takes it away (id.).

The Eleventh Circuit articulated a number of years ago a standard for assessing allegations of pain and other subjective complaints. As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

-17-

If the law judge determines that, under this test, the objectively determined medical condition does not, and could not reasonably, support the complaints of pain, then the subjective complaints cannot be the basis for a finding of disability and the law judge need not assess the credibility of the complaints of pain. Landry v. Heckler, supra; Hand v. Heckler, 761 F.2d 1545, 1549 (11th Cir. 1985). He must, however, provide an adequate explanation for the determination in order to permit, upon judicial review, an assessment whether the proper standard was applied and whether the finding is supported by substantial evidence. See, e.g., Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987); Johns v. Bowen, 821 F.2d 551, 556 (11th Cir. 1987).

If, on the other hand, the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, supra, 761 F.2d at 1549 n.6. In other words, this credibility finding must be explained. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988); Walker v. Bowen, supra, 826 F.2d at 1004.

The law judge recognized the need to articulate a credibility determination and referred to the pertinent regulation and Social Security ruling (Tr. 16). This demonstrates that he applied the Eleventh Circuit pain standard. <u>Wilson</u> v. <u>Barnhart</u>, 284 F.3d 1219, 1225-26 (11th Cir. 2002).

Moreover, the law judge considered the plaintiff's complaints of debilitating pain and set forth reasons for discounting the plaintiff's subjective allegations (Tr. 16). Notably, the law judge did not totally reject the plaintiff's subjective complaints, but rather concluded that the plaintiff was restricted to a range of light work (Tr. 17). In this regard, the law judge stated (Tr. 16):

> While the claimant has alleged disability due to chronic back and neck pain along with headaches, the objective medical evidence does not show that her impairments are as severe as alleged. The evidence shows only mild bulging in her lumbar spine and degenerative abnormalities of the cervical spine with multi-level spondylotic disease that was not of clinical significance (Exs. 4F-5F). The record shows that the claimant has reported she has effective pain relief with prescribed medical treatment including medication therapy, nerve blocks, and acupuncture. Although the claimant now asserts that these methods of treatment did not adequately reduce her pain, she reported good pain relief, and when one measure became ineffective, another option was tried and proved to be successful.

This is an adequate explanation for the law judge's credibility determination. Thus, as indicated above, the medical evidence revealed only limited objective findings, and, as the law judge noted (Tr. 14, 15), the medical record reflects comments from the plaintiff that various medications and treatments relieved her pain (see, e.g., Tr. 128).

The plaintiff does not specifically refute any aspect of the law judge's credibility determination; rather, she asserts the conclusory argument that the "medical record fully documents her spinal impairments and the resulting loss of range of motion and radiated pain throughout her extremities" (id. at p. 12). This argument is unpersuasive because she does not support it with any citations to the medical record.

Further, even if the plaintiff cited to medical records that could support a contrary conclusion, the weak medical evidence in this case certainly does not compel a finding that the plaintiff is totally disabled. See Adefemi v. Ashcroft, supra.

In sum, the law judge used the proper standard in analyzing the plaintiff's subjective complaints and provided adequate reasons for his credibility determination. It has long been the law that this court is not

-20-

authorized to second guess that determination. See Celebrezze v. O'Brient, supra. Therefore, the plaintiff's argument that the law judge improperly rejected her subjective complaints of pain is unmeritorious.

IV.

For the foregoing reasons, the decision of the Commissioner is supported by substantial evidence and contains no reversible error. I, therefore, recommend that the decision be affirmed.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: FEBRUARY 8, 2008

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).